UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAWN CAPRO                                   CIVIL ACTION

VERSUS                                       NO: 08-5227

SECURITAS SECURITY SERVICES                  SECTION: R(4)
USA, INC.; PINKERTON
GOVERNMENT SERVICES, INC.

**ORDER AND REASONS**

Before the Court is defendants' motion to dismiss counts one and two of plaintiff's complaint. For the following reasons, the Court GRANTS defendants' motion.

**I.   BACKGROUND**

In September 2000 plaintiff Dawn Capro started working as a payroll specialist for Burns International Services Corporation at the U.S. Strategic Petroleum Reserve in New Orleans, Louisiana. Also in September 2000 Securitas AB, the indirect parent of defendants Securitas Security USA, Inc. and Pinkerton Government Services, acquired all of the outstanding shares of

Burns.  Following the merger, Securitas AB reorganized and placed Pinkerton in charge of its operations at the Strategic Petroleum Reserve.  At that time, Capro became an employee of Pinkerton. The remaining assets and liabilities of Burns were transferred to defendant Securitas on July 1, 2003.

In March 2003, Capro stopped working and began to receive short-term disability benefits as a result of a medical condition.  The parties do not dispute that Capro received six weeks of short-term benefits.  In May 2003, Capro applied for long-term disability benefits.  First, Capro applied to the Prudential Insurance Company.  Prudential was the long-term disability benefits provider for Burns and the insurance provider with which Capro believed defendants carried long-term disability insurance.  Prudential denied Ms. Capro's claim and informed her that it did not have a policy covering defendants' employees. Next, at the direction of a Pinkerton benefits specialist, Capro applied to UNUM Provident Insurance Company for her long-term benefits.  Like Prudential, UNUM informed Capro that the defendants did not maintain a long-term benefits plan with UNUM at the time Capro became disabled.

On December 29, 2008, plaintiff sued defendants to recover the equivalent of her long-term disability benefits.  (R. Doc. 1.)  Ms. Capro's complaint puts forward three separate legal

2

theories: breach of contract (Count 1), fraud (Count 2), and in the alternative, benefits denied her under an Employee and Retirement Income Security Act plan (Count 3). Defendants now move the Court to dismiss counts one and two of plaintiff's complaint. (R. Doc. 14.) Specifically, defendant asserts that ERISA Section 514(a) preempts plaintiff's state law claims.

On July 20, 2009, this Court ordered defendants to produce information on the existence of an ERISA plan for their employees. (R. Doc. 40). Under the Court's order, defendants produced a long-term disability plan for the New Orleans Strategic Petroleum Reserve. The ERISA long-term benefits plan was put into place with Prudential Insurance Co. in July 1999 while the Reserve was still owned by Burns. (R. Doc. 41, Ex. A). How long, or if, defendants maintained the long-term benefits plan after Securitas AB acquired Burns is not clear from the record. The parties do not dispute, however, that no plan existed with Prudential at the time Capro filed for long-term benefits in May of 2003. (R. Doc. 20).

## II. LEGAL STANDARD

### A. STANDARD OF REVIEW

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable

3

inferences from those allegations in the plaintiffs favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing a change in the standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations, and footnote omitted). When evaluating "plausible" grounds for relief, the Court "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Id* at 556. Dismissal is warranted if "it appears certain that the plaintiff[s] cannot prove any set of facts in support of [their] claim that would entitle [them] to relief." *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995) (quoting *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994).

**B.  ERISA PREEMPTION**

ERISA Section 514(a) states that ERISA "supercede[s] any and all State laws insofar as they may now or hereafter relate to any

employee benefit plan." 29 U.S.C. § 1144(a). The Supreme Court interprets the federal preemption provision of ERISA broadly. *See Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 737 (1985). "[P]reempted state law includes any state law cause of action as it relates to an employee benefit plan, even if it arises under a general law which in and of itself has no connection to employee benefit plans." *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1218-19 (5th Cir. 1992). A state cause of action "relates to" an employee benefits plan when it maintains a "connection with or reference to such plan." *See Hubbard v. Blue Cross & Blue Shield Ass'n.*, 42 F.3d 942, 945 (5th Cir. 1995). The Fifth Circuit has outlined a two-factor test to determine if ERISA preempts a state law claim.[1] *Id.* ERISA preempts "if (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of

---

[1] The Fifth Circuit outlined this two factor test in the context of evaluating the propriety of removal. ERISA may preempt state law claims in one of two ways: it may occupy a particular field resulting in complete preemption under Section 502(a) and it may provide an affirmative defense to state law claims when such claims "relate to" an ERISA plan under Section 514(a). Only the former may raise a federal question providing a basis for removal jurisdiction. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999) (citing *McClelland v. Gronwaldt*, 155 F.3d 507 (5th Cir. 1998). Though conceptually distinct, the Fifth Circuit has recently commented on the similarity between the two forms of preemption and often treats the two inquiries as the same. *Woods v. Texas Aggregates, L.L.C.*, 459 F.3d 600, 603 (5th Cir. 2006).

an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities-the employer, the plan and its fiduciaries, and the participants and beneficiaries." Id at 945. The party claiming ERISA preemption has the burden to demonstrate that ERISA preempts the claims at issue. *See Bankston v. Unam Life Ins. Co.*, No. 07-5507, 2009 WL 57104, at *2 (E.D. La. 2009); *Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980).

**III. DISCUSSION**

Defendants argue that ERISA preempts Capro's state law claims because the claims "relate to" long-term disability benefits. (R. Doc. 14). Capro argues, on the other hand, that defendants did not maintain a long-term benefits plan, and thus ERISA does not preempt her state law claims.[2] (R. Doc. 30). Because the Court finds that ERISA preemption is not limited to those benefits plans in effect at the time a plaintiff makes a claim, and because Capro's state law claims concern her right to receive benefits and directly effect the relationship between two traditional ERISA entities, the Court GRANTS defendants' motion.

---

[2] Capro's state law fraud claim is itself predicated on the non-existence of an ERISA plan. (R. Doc. 43). Capro claims that defendants fraudulently withheld money from her paycheck knowing that no plan or insurance policy was in effect. (R. Doc. 43)

6

Capro argues that her state law claims do not "relate to" an ERISA benefits plan because no benefits plan existed at the time she applied for long-term benefits. The existence of an ERISA plan at the time Capro submitted her claim for benefits is a question of fact. *See Bankston v. Unum Life Insurance Co.*, 2009 WL 57104, at *2 (E.D. La 2009). It is not disputed, however, that an ERISA plan did exist at some time before Capro submitted her claim for long-term benefits. Most notably, a plan existed when Capro was first employed by Burns. Capro argues only that "issues remain as to whether, at the time of [her] application for long-term disability benefits, the purported ERISA plan had been modified, suspended, or terminated . . . ." (R. Doc. 44).

The ERISA statute defines an ERISA plan as one that an employer either creates or maintains. *See* 29 U.S.C. § 1002(1) (defining "employee welfare benefit plan" or "welfare plan" as "any plan, fund, or program which was heretofore or is hereafter established *or* maintained by an employer . . .")(emphasis added). While the Fifth Circuit has not interpreted this language in this context, the Eleventh Circuit has. In *Jones v. LMR Int'l, Inc.*, the Eleventh Circuit held that "[b]ecause a covered plan is defined in the disjunctive, the plain language of the statute would seem to suggest that ERISA preemption applies to actions under ERISA plans that were originally established by an employer

7

even if those plans are now defunct." 457 F.3d 1174, 1179 (11th Cir. 2006). In addition to the statutory wording, *Jones* refers to the legislative history of ERISA which suggests that ERISA covers issues "associated with the termination of employee benefits plans." *Id* (citing S. Rep. No. 93-127 (1973)). Capro essentially argues that for a benefits plan to be an "established plan" under ERISA it must be maintained at the time a claim arises. While it is clear that if an ERISA plan *never* existed preemption would not be possible, the Court is not persuaded by Capro's argument that a defunct ERISA plan is the same as the context in which an ERISA plan never existed. *See Smith v. Texas Children's Hospital*, 84 F.3d 152, 155 (5th Cir. 1996)(stating, in *dicta*, that if no ERISA plan had existed, ERISA would not apply). The Court agrees with the holding of the Eleventh Circuit in *Jones*. Accepting Capro's argument would conflate the meaning of "established" and "maintained." Her proffered interpretation would render the term "established" unnecessary, a result at odds with a basic rule of statutory interpretation. *See TRW Inc. v. Andrews*, 534 U.S. 19, 30 (2001).

The Court further finds that the two *Hubbard* factors point toward preemption. Capro's state law claims are inseparable from the administration and interpretation of the Prudential ERISA plan. Capro seeks in damages the very long-term benefits she

8

believed she was entitled to under the Prudential ERISA plan. Computation of such benefits would require an interpretation of the plan itself and the respective entitlements of those who receive long-term benefits under it.  Capro also seeks those amounts withheld from her paychecks by defendants.  The Secretary of Labor defines the amount a plan participant or beneficiary pays to an employer as an ERISA plan asset.  This is true, even if the amount withheld is never delivered to the benefit plan. *See Bannistor v. Ullman*, 287 F.3d 394 (5th Cir. 2002)(holding that bankrupt employer and employer's parent company were ERISA fiduciaries); *United States v. Grizzle*, 933 F.2d 943, 946 (11th Cir. 1991), *cert. denied*, 502 U.S. 897 (1991).  By withdrawing money from Capro's paycheck, defendants exercised a particular authority over an ERISA plan asset and took on the role of fiduciaries.  *See Bannistor*, 287 F.3d at 402.  The money withheld from Capro's paycheck thus concerns defendants' role in administration of an ERISA plan.  The Fifth Circuit has consistently held that ERISA preempts state law contract or fraud claims in contexts like this one involving the payment and processing of benefit claims.  *See, e.g., Hogan v. Kraft Foods*, 969 F.2d 142, 144-45 (5th Cir. 1992); *Hermann Hosp. v. MEBA Med. & Benefits Plan*, 959 F.2d 569, 577-78 (5th Cir. 1992); *Ramirez v. Inter-Continental Hotels*, 890 F.2d 760, 763-64 (5th Cir.1989);

*Boren v. NL Indus., Inc.*, 889 F.2d 1463, 1465-66 (5th Cir.1989).

Capro's state law claims also concern traditional ERISA entities. It is not disputed that Capro is a former employee of Pinkerton. As such, Capro is also an intended beneficiary of the Prudential ERISA plan, which covers all "employees of the contract holder." (R. Doc. 41, Ex. A). Pinkerton is Capro's former employer and Securitas is Pinkerton's parent company. Both are traditional ERISA entities as well. ERISA defines "employer" as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan." 29 U.S.C. § 1002(5). While Pinkerton is a nominal employer in this case, Securitas acts "indirectly in the interest" of Pinkerton as its parent corporation. *See Bannistor*, 287 F.3d at 406. The Fifth Circuit has consistently held that ERISA preempts state law fraud and negligent misrepresentation claims when those claims are made against the plaintiff's current or former employers (*i.e.*, traditional ERISA entities). *See Lee v. E.I. DuPont de Nemours and Company*, 894 F.2d 755 (5th Cir. 1990); *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1292 (5th Cir.1989); *Degan v. Ford Motor Co.*, 869 F.2d 889 (5th Cir.1989).

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss Count 1 and Count 2 of plaintiff's complaint.

New Orleans, Louisiana, this __2nd__ day of October, 2009.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE